**SEEMAN BROS., Inc., v. OSAKA SHOSEN KAISHA.**

(Circuit Court of Appeals, Second Circuit. December 6, 1926.)

No. 104.

Fraud ⬿27—Bill of lading, with stamped clause reciting transhipment of sugar purchased, held not fraudulent, because sugar was loaded on vessel after date thereof.

Bill of lading, dated August 31, reciting that sugar purchased was shipped on steamship Honolulu Maru, port of Samarang, *held* not fraudulent representation, because sugar was in fact loaded on such ship September 2, where bill of lading was stamped "from Samarang per steamship Melchior Treub & Benoa for transshipment at Sourabaya," and transshipment was in accordance with stamped clause; such clause overriding printed clause.

In Error to the District Court of the United States for the Southern District of New York.

Action by Seeman Bros., Inc., against the Osaka Shosen Kaisha. Judgment for defendant, and plaintiff brings error. Affirmed.

Cohen, Cole & Weiss, of New York City (Harry J. Leffert, of New York City, of counsel), for plaintiff in error.

Hunt, Hill & Betts, of New York City (George C. Sprague and H. Victor Crawford, both of New York City, of counsel), for defendant in error.

Before MANTON and MACK, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

MANTON, Circuit Judge. Seeman Bros., as partners, have assigned their alleged claim of fraud to the present plaintiff in error. The partnership entered into a contract in April, 1920, for the purchase of 200 tons of Java white sugar at 17½ cents, to be shipped during August, 1920. This contract of purchase provided that "bill of lading to be considered proof of date of shipment." A letter of credit was established at a New York bank for the amount of the purchase price, and it provided for "invoice, custom house release, negotiable dock delivery order." The theory of the action is that the defendant in error falsely and fraudulently issued the bill of lading, here considered, purporting to cover

such sugar, with knowledge and intent that the statement therein contained should be relied upon by the partnership, and by all persons into whose hands it might come, respecting the alleged representation that the bags of Java sugar had, on August 31, 1920, been shipped on board the steamship Honolulu Maru.

The bill of lading was dated at Samarang, Java, August 31, 1920, and stated the sugar in question to have been "shipped * * * on board the Osaka Shosen Kaisha's steamship Honolulu Maru * * * now lying in or off the port of Samarang." There was stamped thereon the clause: "From Samarang per steamship Melchior Treub & Benoa for transshipment at Sourabaya." It is signed: "N. V. Kwik Hoo Tong handel mij. p. p. Agents O. S. K. Ltd., J. L. Engchiaw." The fraud consists in the alleged representation that the sugar was received on board the steamship Honolulu Maru on August 31, 1920, upon which it is said that the plaintiff in error's predecessors in title had relied in permitting payment by the bank from a letter of credit. The bank paid the letter of credit as presented.

The sugar was not shipped on the steamship Honolulu Maru on the 31st of August, nor was the vessel lying at or off Samarang. She was lying at a neighboring port off Sourabaya. The sugar was carried by other vessels and there transshipped to her after August 31st. The steamship Honolulu Maru arrived at Sourabaya on August 29th and was ready to take the cargo on that day and on the two following days; but no sugar was brought alongside, and the cargo was not loaded until September 2d. When the bill of lading was signed, the agent so signing it on August 31st knew that the steamship Honolulu Maru was not at Samarang. They also knew that the sugar was not on board. The agent collected the freight from the shipper when he signed the bill of lading and credited the same to the defendant in error's current account.

The fraud relied upon is in the date of the bill of lading. But the entire contents must be read and considered in learning its representations. The stamped clause, "From Samarang per steamship Melchior Treub & Benoa for transshipment at Sourabaya," indicated that the sugar was not actually on board the steamship Honolulu Maru on the date of the issuance of the bill of lading, but was being shipped from Samarang to Sourabaya on the steamship Melchior Treub and/or Benoa for transshipment there to that vessel. The sugar was transshipped to the steamship Honolulu Maru, as this stamped clause stated. If the clause had binding effect, there was no fraud or misrepresentation.

Effect must be given to it, and if there be ambiguity between this and the statement contained in the date and place of date and the clause "shipped on board the Osaka Shosen Kaisha's steamship Honolulu Maru * * * now lying in or off the port of Samarang," the stamped clause takes precedence over the printed clause, just as a written clause overrides a printed clause in a document. Thomas v. Taggart, 209 U. S. 385, 28 S. Ct. 519, 52 L. Ed. 845; Harper v. Hochstim (C. C. A.) 278 F. 102, 20 A. L. R. 1232; The Addison. E. Bullard, 258 F. 180, 169 C. C. A. 248. No shipper, examining this bill of lading, honestly endeavoring to know its contents and representations, could have been misled in knowing the facts as to the shipment or where the sugar was on the date in question. No representation was made which would mislead a reasonable person into believing that the goods were actually loaded on board the steamship Honolulu Maru on August 31st at Samarang, Java.

Judgment affirmed.